UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN VALENTINO

                Plaintiff,

-against-

ECSI AMERICA INC., JOSEPH SPEZIO,
BRIAN AMICO, JOSEPH SPEZIO, JR., and
COMPETITION CARTING,

                Defendants.
------------------------------------------------------------X

Index No.:

**COMPLAINT**

      Plaintiff JOHN VALENTINO, by his attorney Matthew Persanis, Esq. of Elefante & Persanis, LLP, as and for his complaint against Defendants ECSI America Inc. ("ECSI"), Joseph Spezio ("Spezio"), Brian Amico ("Amico"), Joseph Spezio, Jr. ("Spezio Jr.") and Competition Carting("Competition Carting") (collectively "Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

      1.     Plaintiff John Valentino ("Plaintiff" or "Valentino") brings this action seeking unpaid wages, including unpaid overtime compensation and interest thereon, reimbursement for unlawful deductions, liquidated damages and other penalties, and reasonable attorneys' fees and costs, under, *inter alia*, the Fair Labor Standards Act ("FLSA") §§6 and 7, 29 U.S.C. §§206 and 207.

      2.     This action further invokes diversity jurisdiction and the supplemental jurisdiction of this Court to consider claims arising under New York Labor Law ("NYLL") (e.g., New York

1

Wage Payment Act; NY Labor Law §§191, 193, 195, and 12 N.Y.C.R.R. Part 141-2.10, Part 142, and NY Labor Law §215).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of this action pursuant to the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§201 et seq., including under 29 U.S.C. §§207, 216 and 217. This Court also has jurisdiction in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. §1331), and supplemental jurisdiction to consider claims arising under New York state law, pursuant to 28 U.S.C. §1367.

4. Venue as to Defendants is proper in this judicial district pursuant to 28 U.S.C. §1391. Defendants transact business and have agents in the Southern District and are otherwise within this Court's jurisdiction for purposes of service of process. Defendants operate facilities and employed Plaintiff in this judicial district.

5. This Court has personal jurisdiction over the Defendants pursuant to New York Civil Practice Law and Rules §301, in that, *inter alia*, Defendants reside and/or transact business within this State, employed Plaintiff within the State of New York and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the law of the State of New York, and accordingly may be served with process pursuant to Fed.R.Civ.P. 4(h)(1).

## THE PARTIES

**Plaintiff**

6. Plaintiff is an adult natural person who resides in Mohegan Lake, New York.

7. Plaintiff performed residential garbage removal as a driver and helper.

**Defendants**

8.  Upon information and belief, Defendant ECSI is a Florida corporation doing business in the State of New York, Westchester County, with a principal place of business located at One Radisson Plaza, 8th Floor, New Rochelle, NY 10801.

9.  Defendant ECSI is a residential garbage collection service that employed the Plaintiff during all relevant time periods.

10. Defendant Joseph Spezio is the owner of ECSI and Competition Carting and has a business address of One Radisson Plaza, 8th Floor, New Rochelle, NY 10801.

11. Defendant Brian Amico is an employee of and supervisor at ECSI and Competition Carting and has a business address of One Radisson Plaza, 8th Floor, New Rochelle, NY 10801.

12. Defendant Joseph Spezio, Jr. is a supervisor/owner at ECSI and Competition Carting and has a business address of One Radisson Plaza, 8th Floor, New Rochelle, NY 10801.

13. Defendant Competition Carting is a residential garbage collection service located at One Radisson Plaza, 8th Floor, New Rochelle, NY 10801 that employed the Plaintiff during all relevant time periods.

14. Defendants Spezio Jr. and Amico were responsible for employee work schedules and the payment of wages.

## FACTUAL ALLEGATIONS

15. As described herein, Defendants have knowingly engaged in unlawful business practices by requiring the Plaintiff to work numerous hours of overtime on a daily and/or weekly basis without overtime compensation.

16. Defendants have been and continues to be an employer engaged in interstate commerce and/or the production of good for commerce, within the meaning of the FLSA, 29 U.S.C. §§206(a) and 207(a).

17. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

16. At all relevant times, Defendants employed Plaintiff within the meaning of the NYLL, §§2 and 651.

17. Upon information and belief, at all relevant times, Defendants ECSI America, Inc. and Competition Carting each have annual gross revenues in excess of $500,000.00.

18. The Defendants failed to pay the Plaintiff proper wages, including overtime wages, for hours worked from 2016-2017.

19. The Defendants deducted ½ hour's wages from the Plaintiff's pay each day for lunch, but the Plaintiff was not allowed to take a lunch break; instead, Defendants Spezio Jr. and Amico directed the Plaintiff to eat his lunch in the garbage truck as he drove.

21. Although the Plaintiff clocked in and out each day, Defendants ignored the time records and would instead pay the Plaintiff based upon their estimates of the time they believed he had worked.

22. Upon information and belief, the Defendants' failure to pay the Plaintiff proper wages was willful.

### AS AND FOR A FIRST CAUSE OF ACTION
### FLSA Overtime Wage Violations 29 U.S.C. §§201 *et seq.*

23. Plaintiff repeats and realleges each allegation in the preceding paragraphs as though more fully set forth herein.

4

24. At all times relevant hereto, Defendants have been employers engaged in commerce as defined under 29 U.S.C. §203(b) and (d). Defendants employed Plaintiff as a driver and helper for their residential garbage removal service, a position which engaged the Plaintiff in commerce as defined under 29 U.S.C. §§203(b), (e), (g) and 29 U.S.C. §207(a)(1). At all times relevant hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. §203(s)(1).

25. In the performance of his duties for the Defendants, Plaintiff often worked more than forty (40) hours per week, yet did not receive overtime compensation for such work as required by the FLSA, 29 U.S.C. §§206 and 207. The precise number of unpaid overtime hours will be proven at trial.

26. Defendants' violations of the FLSA were willful violations within the meaning of 29 U.S.C. §255(a).

27. Accordingly, Plaintiff seeks judgment against Defendants for all unpaid wages, including overtime wages owed by Defendants to Plaintiff for the three-year period preceding the filing of this case, together with an award of an additional equal amount as liquidated damages, and costs, interest and reasonable attorneys' fees, as provided for in 29 U.S.C. §216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
#### New York Labor Law—Overtime Wages

28. Plaintiff repeats and realleges each allegation in the preceding paragraphs as though more fully set forth herein.

29. The overtime wage provisions of the NYLL, including Article 19, and its supporting regulations, apply to Defendants and Plaintiff.

30. Defendants willfully failed to pay Plaintiff for all of the hours that he worked in excess of forty (40) hours in a work week.

31. Defendants willfully failed to pay Plaintiff premium overtime at the rate of time and one-half his regular hourly rate for all hours worked in excess of forty (40) hours per work week.

32. Defendants willfully failed to maintain accurate records of time worked by the Plaintiff.

33. As a result of Defendants' willful failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per work week, Plaintiff is entitled to compensation for unpaid overtime, liquidated damages, attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## AS AND FOR A THIRD CAUSE OF ACTION

34. Plaintiff seeks and is entitled to recover damages for Plaintiff's failure to provide a statement and information required by NYLL § 198(1-b) and (1-d) and NYLL §195(3).

## AS AND FOR A FOURTH CAUSE OF ACTION

35. Plaintiff seeks and is entitled to recover damages for his unpaid regular wages, damages pursuant to NYLL 190 et seq. 650 et seq., Attorney's fees and costs, pre and post judgement interest, along with such other relief as this Court deems just and proper.

WHEREFORE, the Plaintiff respectfully requests that the Court grant the following relief:

1. That the Court rule that the Defendants violated the overtime provisions of the FLSA and NYLL as to Plaintiffs;

2. That the Court make an award to Plaintiff of damages and/or restitution for the amount of unpaid compensation, unpaid overtime compensation, including interest thereon, and statutory penalties in an amount to be proven at trial, as well as liquidated damages.

3. An award of statutory damages for Defendants' failure to provide Plaintiff with statement and information required by NYLL § 195(1) and NYLL §195(3).

4. For all other Orders, findings and determinations identified and sought in this Complaint;

5. For pre-judgment and post-judgment interest on the amount of any and all economic losses, at the prevailing legal rate and to the fullest extent allowed by any law;

6. For reasonable attorneys' fees and expenses of this action, pursuant to 29 U.S.C. §216(b), New York Labor Law and as otherwise provided by law; and

7. Such other relief as this Court deems just and proper.


Dated: November 7, 2018
       Eastchester, New York

                                        ELEFANTE & PERSANIS, LLP

                                By:     _____
                                        Matthew Persanis, Esq. (MP 1182)
                                        *Attorney for Defendant*
                                        141 Hillside Place
                                        Eastchester, NY 10709
                                        Tel: (914) 961-4400
                                        Fax: (914) 961-4402