UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN VALENTINO,                                    :
                   Plaintiff,     :
                          :
v.                                                 :          **ORDER**
                          :
ECSI AMERICA, INC; JOSEPH SPEZIO;                  :          18 CV 10353 (VB)
BRIAN AMICO; JOSEPH SPEZIO, JR; and                :
COMPETITION CARTING,                               :
                   Defendants.    :
------------------------------------------------------------x

On May 29, 2019, the parties in this Fair Labor Standards Act case filed a settlement agreement and joint statement explaining the basis for the agreement (Doc. #36), as required by Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).[1]  As the settlement agreement was unexecuted, the Court deferred ruling on the parties' motion for approval of the settlement and ordered the parties to submit a fully-executed settlement.  (Doc. #37).  The parties did so on June 6, 2019.  (Doc. #38).  They also filed an executed proposed stipulation of dismissal with prejudice.  (Id.).

In reviewing the proposed settlement agreement, the Court has considered the following factors:

      (i)      the parties' position as to the proper valuation of plaintiff's claims;

      (ii)     the risks and costs of continuing to litigate;

      (iii)    plaintiff is represented by counsel;

      (iv)    plaintiff no longer works for defendants;

      (v)     the parties settled with the assistance of an experienced mediator;

      (vi)    the settlement agreement's non-disparagement clause is mutual and contains an exception for truthful statements;

---

[1]     The parties state plaintiff will "voluntarily withdraw" his claims against defendant Brian Amico, who has not appeared in this action, and against defendant Competition Carting.  That language is confusing—both of those defendants are parties to the settlement agreement. Therefore, the Court interprets the parties' language merely to reflect plaintiff's consent to filing the stipulation of dismissal as against all parties.

1

(vii)    the confidentiality provision is limited to disclosure of the terms of the settlement agreement;

(viii)    plaintiff is receiving 57 percent of his unpaid wages, and there is a bona fide dispute regarding the amount of wages owed to plaintiff;

(ix)    defendant Competition Carting is currently subject to a Chapter 11 proceeding, and the parties state they desire to "avoid entanglement" with the Chapter 11 proceeding;

(x)    the parties desire to resolve this action early and avoid the costs and uncertainty associated with drawn-out litigation; and

(xi)    the release, though broad, is limited to claims plaintiff had against defendants at the time the settlement agreement was executed.

Based on the foregoing, the Court finds the settlement agreement is fair and reasonable, and the product of arm's-length negotiation, not fraud or collusion.

Additionally, the Court finds the attorneys' fees, which are one third of the total recovery, to be fair and reasonable under the circumstances.

## CONCLUSION

Accordingly, the parties' settlement agreement (Doc. #38) is APPROVED.

The Court will "so order" the parties' stipulation of voluntary dismissal.

The Clerk is instructed to close this case.

Dated: June 11, 2019
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

2